RANDY S. GROSSMAN
United States Attorney
JONATHAN I. SHAPIRO
Assistant United States Attorney
California State Bar No. 268954
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8225
Email: jonathan.shapiro@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19cr4748-W |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| DENIS ALEKSANDROVICH EMELYANTSEV, aka "Denis Kloster," aka "Stanx,", | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Jonathan I. Shapiro, Assistant United States Attorney, and Defendant DENIS ALEKSANDROVICH EMELYANTSEV, aka "Denis Kloster," with the advice and consent of Arkady L. Bukh, counsel for Defendant, as follows:



# I

# **THE PLEA**

Defendant agrees to plead guilty to Counts 1 and 2 of the Indictment charging Defendant with:

### Count 1

From a date unknown to the grand jury, but no later than June 27, 2015, up to and including November 20, 2019, within the Southern District of California, and elsewhere, defendant DENIS ALEKSANDROVICH EMELYANTSEV, aka "Denis Kloster," aka "Stanx," did knowingly and intentionally conspire with other persons known and unknown to the grand jury to commit an offense against the United States, that is, to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage without authorization to a protected computer, and the offense caused damage affecting 10 or more protected computers during a one-year period and loss to at least one person during a one-year period resulting from a related course of conduct affecting one or more other protected computers aggregating at least $5,000 in value, in violation of Title 18, United States Code, Sections 371, 1030(a)(5)(A), 1030(c)(4)(B)(i), and 1030(c)(4)(A)(i)(I) and (VI).

### Special Allegation

In furtherance of the Conspiracy . . . the conspirators knowingly falsely registered a domain name and knowingly used that domain name in the course of committing an offense, namely, the conspirators registered the domain rsocks.net with false names and addresses, and used that domain in the course of committing the felony offense charged in Count One. All in violation of Title 18, United States Code, Sections 371 and 3559(g)(1).

### Count 2

From a date unknown to the grand jury, but no later than June 27, 2015, up to and including November 20, 2019, within the Southern District of California, and elsewhere, defendant DENIS ALEKSANDROVICH EMELYANTSEV, aka "Denis Kloster," aka "Stanx," knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a

protected computer, and the offense caused damage affecting 10 or more protected computers during a one-year period and loss to at least one person during a one-year period resulting from a related course of conduct affecting one or more protected computers aggregating at least $5,000 in value, to wit, within a one-year period, EMELYANTSEV accessed without authorization 10 or more computers in the Southern District of California, and elsewhere and sold access to those computers without authorization as part of a botnet and thereby caused a loss of at least $5,000, in violation of Title 18, United States Code, Section 1030(a)(5)(A),(c)(4)(B)(i), and (c)(4)(A)(i)(I) and (VI).

In furtherance of this offense, defendant DENIS ALEKSANDROVICH EMELYANTSEV, aka "Denis Kloster," aka "Stanx," knowingly falsely registered a domain name and knowingly used that domain name in the course of committing the offense, namely, EMELYANTSEV registered the domain rsocks.net with false names and addresses, and used that domain in the course of committing the felony offense charged in Count Two, in violation of Title 18, Untied States Code, Section 3559(g)(1).

In addition, the attached financial addendum shall govern restitution and forfeiture in this case.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the offenses to which Defendant is pleading guilty has the following elements:

Conspiracy (Count 1)

1. The defendant agreed with another person to do something which federal law prohibits;
2. The defendant knew the unlawful purpose of the agreement and willfully joined the conspiracy; and
3. At some time during the existence of the conspiracy, one of the members knowingly committed an overt act in furtherance.

//

Damage Protected Computers (Count 2)

1. The defendant knowingly caused the transmission of a program, information, code, or command;
2. The defendant intentionally caused damage, without authorization, to a protected computer; and
3. Loss during any 1-year period resulting from a related course of conduct aggregating at least $5,000 in value, or damage affecting 10 or more protected computers during any 1-year period.

Sentencing Enhancement

1. The defendant falsely registered a domain name; and
2. Knowingly used that domain name in the course of the offense.
3. "Falsely registers" means register in a manner that prevents the effective identification of or contact with the person who registers.

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

(1) Conspiracy to Damage Protected Computer

1. From a date unknown, but no later than June 27, 2015, up to and including November 20, 2019, within the Southern District of California, and elsewhere, Defendant agreed with other individuals to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, and the offense caused during a one-year period and loss to at least one person during a one-year period damage affecting 10 or more protected computers resulting from a related course of conduct affecting one or more other protected computers aggregating at least $5,000 in value.

4



Def. Initials DE
19cr4748-W

2. Defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose.

3. Defendant and his conspirators created and operated a botnet (the Rsocks botnet), which was a group of compromised computers connected in a coordinated fashion.

4. In order to create the Rsocks botnet, Defendant and his conspirators targeted Internet of Things (IoT) devices. IoT devices included a broad range of devices – including smart garage door openers, biometric time clocks, and audio-video transcoding devices – that were connected to and could communicate over the Internet. Because they were connected to the Internet, these devices were assigned Internet Protocol (IP) addresses.

5. Defendant and his conspirators developed and used computer code to (a) identify IoT devices; (b) gain unauthorized access to those devices by guessing the login information (known as "brute forcing" or "bruting"); and (c) maintain a persistent connection to the compromised devices. In this way, the conspirators enlisted hundreds of thousands of IoT devices in the Southern District of California and throughout the world into the botnet without the authorization of the owners of the devices.

6. Defendant and his conspirators offered access to the Rsocks botnet for a fee at the online storefront rsocks.net. For a fee ranging up to $200 per day, members of the public could purchase access to the Rsocks botnet and route their Internet traffic through the compromised devices that had been enlisted into the botnet. In this way, the botnet subscribers' Internet traffic appeared to come from the IP addresses assigned to the compromised devices rather than the IP addresses

assigned to the devices that the subscribers were actually using to conduct their online activity.

7. On June 11, 2016, Defendant paid to register the domain rsocks.net that hosts the botnet storefront.

8. On October 23, 2017, Defendant and his conspirators sent a program, information, code, or command and thereby gained unauthorized access and caused damage to a computer in San Diego, California.

9. From June 27, 2015, through November 20, 2019, Defendant and his conspirators gained unauthorized access to over 900,000 computers, thereby impairing the integrity of those computers.

10. The conspiracy involved more than five participants, and Defendant was an organizer and leader of the criminal activity. Specifically, Defendant managed other participants, paid other participants for their involvement, and assigned tasks to other participants to facilitate the operation of the Rsocks botnet.

(2) Damage to Protected Computers

1. From no later than June 27, 2015, up to and including November 20, 2019, within the Southern District of California, and elsewhere, Defendant knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, and the offense caused damage affecting 10 or more protected computers during a one-year period and loss to at least one person during a one-year period resulting from a related course of conduct affecting one or more protected computers aggregating at least $5,000 in value, to wit, within a one-year period, Defendant accessed without authorization 10 or more computers in the Southern District of California, and elsewhere and sold access to those

computers without authorization as part of a botnet and thereby caused a loss of at least $5,000.

2. Specifically, from June 27, 2015, through November 20, 2019, Defendant gained unauthorized access to over 900,000 computers, thereby impairing the integrity of those computers. For example, on October 23, 2017, Defendant sent a program, information, code, or command and thereby gained unauthorized access and caused damage to a computer in San Diego, California.

(3) Loss

1. The parties agree that the loss caused by the offenses to which Defendant is pleading guilty cannot be reasonably determined and that the gain that resulted from the commission of the offense is more than $1.5 million and less than $3.5 million.

(4) Sentencing Enhancement

1. In furtherance of the offenses charged in Count One and Count Two, Defendant knowingly falsely registered a domain name and knowingly used that domain name in the course of committing the offenses. Defendant registered the domain rsocks.net to a mailing address in London, United Kingdom, that was home to a steakhouse and had no connection to rsocks.net or any person involved in rsocks.net.

2. The purpose of registering the domain rsocks.net to the London address was to prevent the identification of or contact with Defendant and his conspirators.

## III

## PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

Def. Initial: DE
19cr4748-W

//

### Conspiracy to Damage Protected Computers

1. a maximum prison of 10 years;
2. a maximum fine of $250,000;
3. a mandatory special assessment of $100;
4. a maximum term of supervised release of 3 years;
5. possible ineligibility for certain federal benefits; and
6. forfeiture of all property which was involved in the offense and all property traceable to such property.

### Damage to Protected Computers

1. a maximum prison of 17 years;
2. a maximum fine of $250,000;
3. a mandatory special assessment of $100;
4. a maximum term of supervised release of 3 years;
5. possible ineligibility for certain federal benefits; and
    forfeiture of all property which was involved in the offense and all property traceable to such property.

## IV

## **DEFENDANT'S WAIVER OF TRIAL RIGHTS**

Defendant understands that this guilty plea waives the right to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

8

Def. Initials *DE*

19cr4748-W

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered

9

Def. Initials _DE_
19cr4748-W

ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

      B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

      C.    No one has threatened Defendant or Defendant's family to induce this guilty plea.

      D.    Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII
## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the

Def. Initials DE
19cr4748-W

Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence Defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what Defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

//
//
//
//
//
//
//
//
//

Def. Initials DE
19cr4748-W

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG §§ 2B1.1(a)(2) and 2B1.1(b)(1)(I)] | 6 |
| 2. | Gain to Defendant substituted for loss amount (~~less~~ more than $1.5 million) | +16 |
| 3. | Ten or more victims [USSG § 2B1.1(b)(2)(A)(i)] | +2 |
| 4. | Convicted of 1030(a)(5)(A) [USSG § 2B1.1(b)(19)(A)(ii)] | +4 |
| 5. | Aggravated Role [USSG § 3B1.1] | +4 |
| 6. | False Registration of Domain Name [USSG § 3C1.4] | +2 |
| 7. | Adjustment: Acceptance of Responsibility [USSG § 3E1.1] | -3 |
| 8. | Departure: Combination of Factors [USSG § 5K2.0(a)(2)] (early disposition) | -2 |

**Resulting Adjusted Offense Level** **29**

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

//

Def. Initials DE

19cr4748-W

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Pursuant to USSG § 2B1.1(b)(10)(B) and (C), the Government may recommend an upward adjustment for sophisticated means and/or because a substantial part of the scheme was committed from outside the United States, which Defendant may oppose. Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree that the Government will recommend that Defendant be sentenced to the low-end of the advisory guideline range as calculated by the Government pursuant to this agreement.

G. SPECIAL ASSESSMENT/FINE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//
//

Def. Initials 
19cr4748-W

2. Fine

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. **SUPERVISED RELEASE**

If the Court imposes a term of supervised release, Defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least 2/3 of her term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant acknowledges, understands and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform may constitute a material breach of this agreement.

Defendant acknowledges, understands and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any lawful court order related to this case;
6. Appealing or collaterally attacking the sentence or conviction in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled as of the date of this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, Defendant agrees that in the event of Defendant's material breach of this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any

charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## XIII
## ENTIRE AGREEMENT

This plea agreement together with the attached forfeiture addendum embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//

## XVI

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and his counsel did not advise her about what to say in this regard.

RANDY S. GROSSMAN
United States Attorney

Jan. 23, 2023
DATED

*/s/ Jonathan I. Shapiro*
JONATHAN I. SHAPIRO
Assistant U.S. Attorney

RYAN K. DICKEY
Senior Counsel
Computer Crime & Intellectual Property Section
U.S. Department of Justice
Criminal Division

1/23/2023
DATED

*/s/* ~~ARKADY L. BUKH~~ Alex Guzman
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

1/23/2023
DATED

*/s/*
DENIS EMELYANTSEV
Defendant