United States v. Denis Alexsandrovich Emelyantsev aka "Denis Kloster," aka "Stanx,", Case No.19cr4748-W

**FINANCIAL ADDENDUM**

Defendant's conviction will include financial penalties such as a forfeiture, fine, and restitution. This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply. Defendant understands and agrees that forfeiture is a mandatory penalty for his offenses of conviction and that imposition of restitution under 18 U.S.C. § 3663A is also a mandatory part of his sentence.

**A.   Forfeiture**

i.   In addition to the penalties outlined in the plea agreement, federal law states Defendant must forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), all of his rights, title, and interest in any property constituting or derived from proceeds Defendant obtained directly or indirectly as a result of the offenses, and pursuant to Title 18, United States Code, Sections 1030(i) and (j), any personal property, used or intended to be used to commit or to facilitate the offenses, and any property, real and personal, constituting or derived from any proceeds Defendant obtained, directly or indirectly as a result of the offenses.

ii.   As part of Defendant's guilty plea to Counts 1 and 2 of the Superseding Indictment, as set forth in section I of the plea agreement, Defendant consents to the forfeiture allegations of the Superseding Indictment and agrees to forfeit all properties seized in connection with the case. Defendant also agrees to also forfeit, via entry of a personal money judgment against Defendant, the amount of $2,786,408.

Financial Addendum

Def. Initials DE

19CR4748-W

iii. The money judgment against Defendant represents monies subject to forfeiture to the United States as proceeds Defendant received from illegal conduct in violation of Title 18, United States Code, Sections 371, 1030(a)(5)(A), 1030(c)(4)(B)(i), and 1030(c)(4)(A)(i)(I) and (VI), and is subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i) and (j). Defendant further agrees that the conditions for the substitution of assets for the full amount of the money judgment as set forth in Title 18, United States Code, Sections 982(b) and 1030(i)(2), which incorporate Title 21, United States Code, Section 853(p) exist, and the United States may execute and collect the judgment against any and all other property up to the full amount of the forfeiture judgment.

iv. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant and as to Defendant's interests in the properties. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations

under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant agrees that the criminal forfeiture money judgment imposed by the Court will be (i) subject to immediate enforcement, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the Defendant receives may be offset and applied to the outstanding balance on the forfeiture judgment. Defendant waives all notices with respect to the Treasury Offset Program and waives all rights to contest any and all offsets. Defendant waives all demand for payment of the forfeiture judgment and waives all notices for substitution of property to collect the full amount of the judgment.

    v.    Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

    vi.    Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

    vii.    Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the

execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

  viii. Defendant acknowledges and agrees that the forfeiture in this case includes entry of a personal money judgment against Defendant, and that interest shall accrue on the judgment from the date of entry of the Order of Forfeiture in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961. The Defendant agrees that the United States may take all actions available to it to collect the full amount of the judgment, including enforcement of the judgment against substitute assets as provided in 21 U.S.C. § 853(p) and actions available under the Federal Debt Collections Procedure Act. Defendant further agrees that the judgment may be executed against property wherever it is held and it waives all rights to contest the enforcement of the judgment. Defendant consents to the entry of the forfeiture judgment into the Treasury Offset Program and waives all notices of the Treasury Offset Program and all notices of offset.

**B. Restitution**

  i. The crime to which Defendant is pleading guilty requires an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant make mandatory restitution to the victim(s) of the offense of conviction or the estate(s) of the victims(s).

  ii. The amount of restitution ordered by the Court shall include restitution to any person directly harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

The parties agree the Court may also order restitution to persons other than the victims of the offenses of conviction. Restitution may include losses arising from counts dismissed and charges not prosecuted as well as all relevant conduct in connection with those counts and charges.

      iii. The parties estimate the amount of restitution will be at least $30,000 Defendant understands that this is only an estimate based on currently available information. The Government will recommend restitution of at least $30,000, but the amount and recommendation may be higher depending on information at sentencing. The Court may impose restitution of any amount based on information available at sentencing. Defendant agrees that a restitution award in a higher amount is not grounds to withdraw Defendant's guilty plea. The Defendant also agrees that nothing in this plea agreement or restitution addendum limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office to calculate restitution.

      iv. Defendant agrees that notwithstanding any court order, the restitution is due and payable in full and delinquent until paid in full. Any payment schedule imposed by the Court establishes only a minimum obligation, and does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Defendant will make a good faith effort to pay the full restitution. Defendant further agrees that the restitution judgment may be executed against property wherever it is held and Defendant waives all rights to contest the enforcement of the judgment against any and all property owned by defendant or in which he has an interest. Defendant consents to the entry of the restitution

judgment into the Treasury Offset Program and waives all notices of the Treasury Offset Program, all notices of offset, and all rights to contest any and all offsets.

The restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court." Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address: United States District Court, Southern District of California, Office of the Clerk, 333 West Broadway, Suite 420, San Diego, California 92010.

C.  **FINE**.

i.  Any payment schedule for a fine imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any fine. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.

ii.  The parties agree that notwithstanding any Court imposed schedule for payment of a fine, the total amount of the fine shall be due immediately and shall be deemed to be payable forthwith. Any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the fine, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Defendant agrees to entry of the fine into the Treasury Offset Program ("TOP") and waives all notices of TOP and offsets, and waives all rights to contest the TOP offsets.

      iii. The fine shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

   **D.   ADDITIONAL TERMS**

      i.   Defendant agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out, any restitution ordered, and any fine imposed, pursuant to this agreement including any claim that the forfeiture, restitution, and fine constitute an excessive fine or punishment under the United States Constitution.

      ii.   The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's income tax returns from 2015 until the fine and restitution is paid in full and forfeiture proceedings are completed, and Defendant will promptly execute any documents necessary to carry out this authorization.

      iii.   Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to **June 10, 2022**), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community

property. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to any third party since **June 10, 2022**, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets.

 iv. From the date this financial addendum is executed until the restitution, any fine imposed, and forfeiture judgment are paid in full and forfeiture proceedings are completed, Defendant shall notify the Asset Recovery Section of the United States Attorney's Office of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) any interest in property owned directly or indirectly by Defendant worth over $1,000 that Defendant intends to transfer. This obligation covers any interest in property obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

 v. Defendant understands that the restitution and any fine imposed are delinquent until paid in full. Until the restitution and any fine imposed are paid in full, Defendant shall immediately notify the Asset Recovery Section, United States Attorney's Office, of any material change in Defendant's financial condition.

 vi. Defendant consents to the immediate recording of judgment liens as the United States deems appropriate as to all financial penalties imposed by the Court.

****

Defendant understands that the main plea agreement and this financial addendum embody the entire plea agreement between the parties and supersedes any other agreement, written or oral.

01/23/2023
Date

DENIS ALEXSANDROVICH EMELYANTSEV
Defendant

1/23/2023
Date

ALEX GRUZMAN
ARKADY BUKH
Defense Counsel

Jan. 23, 2023
Date

RANDY S. GROSSMAN
United States Attorney
JONATHAN I. SHAPIRO
Assistant U.S. Attorney